UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-037-TWP-TAB -01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| RONNIE BALL | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cr-00037-TWP-TAB |
| | ) | |
| RONNIE BALL, | ) -01 | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Defendant Ronnie Ball's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 92). For the reasons explained below, Ball's motion is **denied**.

### I. Background

In August 2020, Ball pled guilty to one count of possession with intent to distribute a detectible amount of cocaine and heroin, in violation of 21 U.S.C. § 841(a)(1). (Dkts. 69, 81). The Court sentenced Ball to 29 months of imprisonment, to be followed by 3 years of supervised release. (Dkt. 81).

Retained counsel thereafter filed a Motion for Compassionate Release on behalf of Ball. (Dkt. 92). In his Motion, Ball argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 due to his underlying medical conditions (hypertension, type 2 diabetes, heart disease and chronic kidney disease), and because he is suffering from cataracts and near end-stage renal disease which are allegedly not being managed by the Bureau of Prisons ("BOP"). (Dkts. 93, 96, 97).

The United States filed a brief in opposition stating that the risk that Ball faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him and the factors of 18 U.S.C. § 3553(a) weigh against release (Dkt. 95). Ball did not file a reply, but he did file an Submission of Supplement to Motion and Memorandum for Compassionate Release, several months later.  (Dkt. 97).  In the Supplement, Ball explains that he continues to "struggle with his life-threatening health conditions" and reports that his "dormitory is experiencing a COVID-19 outbreak, like much of the united States." *Id*.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Ball's first reason for requesting release—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is unavailing, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more

3

relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Ball is fully vaccinated, dkt. 93 at 4, and he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Ball "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). As a result, Ball has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Ball also argues that he should be released because of his serious medical conditions, which are allegedly not being properly treated by the BOP. Specifically, Ball had severe cataracts in both eyes which required surgery. Dkt. 93 at 3. Ball states that the BOP delayed surgery on his left eye for several months until his blood pressure was under control, at which time he had successful surgery to correct the cataracts in that eye.[1] *Id.* At the time of his motion, Ball was still awaiting surgery for the cataracts in his right eye; however, his medical records are replete with notations about medical treatment and visits with personnel regarding his cataracts. *See* dkt 95-5. There is no indication that the BOP is unable or unwilling to provide the necessary surgery and in fact had already done so for one of his eyes once his blood pressure was under control. Similarly, with regard to his argument that the BOP is not properly monitoring and treating his high blood pressure, his records include many instances of treatment from prison medical officials. *Id.*

---

[1] At the time of his motion, Mr. Ball said it was not yet clear whether the surgery had been successful. Dkt. Dkt. 93 at 3. Since that time, Mr. Ball has not updated the Court to state that the surgery was not successful.

4

However, even if he was not receiving what he believed to be proper medical treatment for his cataracts and blood pressure, such allegations might form the basis for relief in a civil suit filed in Ball's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up).

Similarly, Ball's "near end stage kidney disease" is also not an extraordinary and compelling reason to release him, whether considered alone or together with any other reason. Ball does not argue that his disease is end-stage, nor does he argue that he is unable to engage in self-care in the prison. Based on these facts, Ball has not met his burden for compassionate release due to his kidney disease.

Given the determination that Ball has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Ball's motion for compassionate release, dkt. [92], is **denied.**

**IT IS SO ORDERED.**

Date: 7/21/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

5