UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Cause No. | 1:18-cr-00037-TWP-TAB |
| | ) | | |
| RONNIE BALL, | ) | | - 01 |
| | ) | | |
| Defendant. | ) | | |

**REPORT AND RECOMMENDATION**

On February 18, 2026, the Court held a hearing on the Petitions for Warrant or Summons for Offender Under Supervision filed on October 7, 2024, and February 13, 2026. Defendant Ball appeared in person with his appointed counsel Dominic Martin. The Government appeared by Assistant United States Attorney Matt Barloh. U.S. Probation appeared by Officer Justin Meier.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. During the proceedings conducted on February 12, 2026, and February 18, 2026, the Court advised Defendant Ball of his rights and provided him with a copy of the Petitions. Defendant Ball orally waived his right to a preliminary hearing on each of the Petitions.

2. After being placed under oath, Defendant Ball admitted to violation number 2 in the Petition dated February 13, 2026. Government orally moved to withdraw the remaining violation 1 in the Petition dated October 7, 2024, which motion was granted by the Court such that violation number 1 was dismissed.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 2 | **"You shall not unlawfully possess a controlled substance."** |
| | As referenced in violation number one, on September 27, 2024, Mr. Ball was arrested by the Indianapolis Metropolitan Police Department (IMPD). Mr. Ball is charged with Dealing in Cocaine and Possession of Cocaine, both felonies. At the time of his arrest, Mr. Ball was found in possession of an estimated 18 grams of cocaine. |

4. The parties stipulated that for the admitted violation:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is II.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 6 to 12 months of imprisonment.

5. The parties jointly recommended a sentence of 8 months imprisonment with no supervised release to follow. Defendant requested placement at FMC Lexington, Kentucky.

6. The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a) to the extent deemed appropriate by 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions as admitted in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or her designee for a period of 8 months imprisonment with no supervised release to follow. The Magistrate Judge makes a recommendation of placement at FMC Lexington, Kentucky. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

7. The parties are hereby notified that the District Judge may reconsider any matter referred to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 2/18/2026

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the Court's ECF system